UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD R. DeBOSE,

        Plaintiff,

    v.

GOVERNOR EDMUND G. BROWN; et al.,

        Defendants.
                                           /

No. C 12-6169 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Donald R. DeBose, an inmate on death row at San Quentin State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, complaining that the California process for reviewing capital convictions and sentences is unlawfully slow and inadequate. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
2 a right secured by the Constitution or laws of the United States was violated, and (2) that the
3 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
4 U.S. 42, 48 (1988).

5    The complaint has several defects and must be dismissed with limited leave to amend.
6 First, DeBose has no standing to complain about problems experienced by any other inmate.
7 "[A] litigant appearing in propria persona has no authority to represent anyone other than
8 himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). His complaint is quite
9 generic, and is one of several from death row inmates who have filed extremely similar
10 complaints urging similar theories.[1] For example, rather than provide any information about the
11 delay, if any, that he has experienced in his own appeal, he alleges that it takes "3-6 year[s]" for
12 appointment of appellate counsel, and another "5-8 years" for a direct appeal to be filed. Docket
13 # 1, p. 4. Surely he knows the facts of his own case, e.g., when he was convicted and sentenced,
14 when his appellate attorney was appointed, if and when his appellate brief and reply briefs were
15 filed, and whether state habeas counsel has been appointed for him. DeBose must confine his
16 amended complaint to allegations about his specific factual situation, and not about the death
17 penalty in general. His amended complaint must have "a short and plain statement of the claim
18 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
19 necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and
20 the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and
21 internal quotation marks omitted). Although a complaint "does not need detailed factual
22 allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
23 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
24 of action will not do. . . . Factual allegations must be enough to raise a right to relief above the

---

[1] *See, e.g., Theodore Shove v. Brown*, N. D. Cal. Case No. C 12-211 RMW; *Duff v. Brown*, N. D. Cal. Case No. 12-529 EMC; *Paul Bolin v. Brown*, N. D. Cal. Case No. C 12-637 PJH; *Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS; *Carlos Avena v. Brown*, C. D. Cal. Case No. 12-cv-00485-UA-DUTY; *Spencer Brasure v. Brown*, C. D. Cal. Case No. 12-CV-1027-UA-DUTY.

2

1 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

2 Second, some of DeBose's claims impliedly call into question his conviction, such as his 3 assertions that he has been denied effective assistance of counsel on appeal, and that the slow 4 appeal is interfering with his future ability to obtain a reversal or a fair trial upon remand. *See* 5 *Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011) (distinguishing between claim about 6 present harm of delayed appeal and claim about future harm of delayed appeal). DeBose may 7 not assert any § 1983 claim that would call into question the validity of his conviction as long 8 as the conviction remains in place. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held 9 that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or 10 imprisonment, or for other harm caused by actions whose unlawfulness would render a 11 conviction or sentence invalid, unless that conviction or sentence already has been determined 12 to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful 13 by, for example, being reversed on appeal or being set aside when a state or federal court issues 14 a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action 15 that -- even if it does not directly challenge the conviction or other decision -- would imply that 16 the conviction or other decision was invalid. The practical importance of this rule is that a 17 plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have 18 been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was 19 first announced with respect to an action for damages, but the Supreme Court has since applied 20 the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 21 520 U.S. 641, 648 (1997). If success in the § 1983 action would "necessarily demonstrate the 22 invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought 23 (i.e., damages or equitable relief) as long as the conviction has not been set aside. *Wilkinson v.* 24 *Dotson*, 544 U.S. 74, 81-82 (2005).

25 Third, the complaint does not link any defendant to a legal claim. In his amended 26 complaint, DeBose must be careful to allege facts showing the basis for liability for each 27 defendant for each of his legal claims. He should not refer to them as a group (e.g., "the 28 defendants"); rather, he should identify each involved defendant by name and link each of them

3

to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). DeBose is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Fourth, the complaint does not adequately allege any conspiracy liability because the conspiracy allegations are mere conclusions. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). "'A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). A civil plaintiff "must show that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Id.* (internal citation and quotation marks omitted). A conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983, but may "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation." *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). In his amended complaint, DeBose may attempt to plead conspiracy-based liability for his claims but must provide non-conclusory allegations sufficient to state a claim based on conspiracy-based liability. As to each conspiracy he alleges existed, he should explain the role of each defendant in the conspiracy. He needs to allege with particularity who made an agreement with whom, when the agreement was made, what the agreement was, and what the purpose of the agreement was. He also needs to identify the role of each individual defendant in these conspiracy-based claims.

Fifth, some of the claims are dismissed *without* leave to amend because they are legally meritless in ways that are not curable by amendment. The claim that the California Supreme Court's slowness in handling appeals violates the prohibition on bills of attainder is dismissed

4

because there is no legislative act at issue. *See United States v. Lovett*, 328 U.S. 303, 315 (1946); *Cummings v. Missouri*, 71 U.S. 277, 323 (1866). The claim that the slowness in the direct appeal process amounts to a suspension of the writ of habeas corpus in violation of the federal constitution is dismissed because that provision has no application to the states. *See Gascquet v. Lapeyer*, 242 U.S. 367, 369 (1917). The claim that DeBose has a conflict with his appellate attorneys is dismissed because (in addition to the potential *Heck* problem with such a claim), the appointed appellate attorneys are not acting under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions in representing the defendant on appeal. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

Finally, DeBose must provide more specific declaratory and injunctive relief requests. In light of the *Heck* problem mentioned earlier in this order, as well as the rule that a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive federal avenue to challenge the fact or duration of one's confinement, it is particularly important that the scope of the requested relief be understood so that these rule are not undermined.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **May 17, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey*, 693 F.3d at 928 ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 18, 2013

_____
SUSAN ILLSTON
United States District Judge

5