UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD R. DeBOSE,

    Plaintiff,

v.

GOVERNOR EDMUND G. BROWN; et al.,

    Defendants.

No. C 12-6169 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Donald R. DeBose, an inmate on death row at San Quentin State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, complaining that the California process for reviewing capital convictions and sentences is unlawfully slow and inadequate. Pursuant to 28 U.S.C. § 1915A, the court reviewed the complaint, identified numerous deficiencies in it, and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the court for review.

## DISCUSSION

A. <u>Amended Complaint Fails To Correct Deficiencies And Plead A Cognizable Claim</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

United States District Court / For the Northern District of California

696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The amended complaint fails to correct most of the deficiencies discussed in the order of dismissal with leave to amend. First, plaintiff completely ignores the instruction to link each defendant to his legal claim(s). The amended complaint simply lists numerous defendants at the outset and makes no effort to connect any particular defendant to a claim for relief. This is no small matter, as the amended complaint lists *thousands* of defendants, all sued in their individual and official capacities. *See* Docket # 8 at 1-2.

Second, plaintiff ignores the instruction to present specific injunctive and declaratory relief requests. Most of the "relief" section of the amended complaint is a tangle of legal jargon that could not be the basis for any meaningful injunctive or declaratory relief. *See, e.g.,* Docket # 8 at 15 ("The Injunctive Relief is to establish the Demands of the United States Constitutionally Guaranteed Rights to Compliance with State Legal Process.")

Those portions of the relief request which the court can understand seek relief to which plaintiff plainly is not entitled. Plaintiff demands a referral of the matter to the U.S. Attorney, apparently in connection with his request for a referral pursuant to 28 U.S.C. § 2403, *see* Docket # 8 at pp. 11 and 15, but neither subsection of that statute applies to this action. Section 2403(a) provides for a referral to the U. S. Attorney General when there is not a federal governmental party and "wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question." 28 U.S.C. § 2403(a). That subsection does not apply because the amended complaint does not call into question the constitutionality of any Act of Congress. Section 2403(b) provides for a referral to a state's attorney general when there is no state governmental party to the action and "wherein the constitutionality of any statute of that State affecting the public interest is drawn in question." 28 U.S.C. § 2403(b). That subsection does not apply because the state governmental parties are plentiful and the amended complaint does not call into

question any California statute. The request for a § 2403 referral to the Attorney General is meritless.

Plaintiff also requests "automatic reversal" of his conviction because his "case had structural damages from trial." Docket # 8 at 15 (random capitalization omitted). This form of relief is squarely barred by the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), discussed in the order of dismissal with leave to amend. See Docket # 3 at 3. The *Heck* rule also bars consideration of any claim (such as the prosecutorial misconduct and ineffective appellate attorney claims plaintiff mentions at pages 5, 10, and 15 of Docket # 8) that would call into question the validity of the conviction or sentence.

Plaintiff does not request that this court order the state court to decide his appeal immediately. Even assuming such relief could be granted, the court will not assume that a plaintiff wants relief that he has chosen not to request. *See Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011) ("request for an order directing a state court to hasten its consideration of an appeal belongs in a § 1983 complaint, not a habeas petition"); *but cf id.* at 1158 n.3 ("We express no view on the merits of such a § 1983 claim or on what relief, if any, might be available if the claim were pleaded in the proper place and at the proper time."). It is particularly undesirable to assume such a relief request where, as in the case of a death row inmate, a quick decision in state court might mean that he moves more rapidly toward the ultimate penalty.

The request for relief in the amended complaint is deficient. Without any sufficient relief requests, the failure to link defendants becomes an even greater problem because (even if a cognizable legal claim had been alleged) the court cannot determine the appropriate defendant(s) among the thousands of defendants mentioned without knowing what relief the plaintiff wants.

Third, plaintiff fails to allege a short and plain statement of each claim for relief he wished to assert. His amended complaint is a mishmash of ideas that fails to provide a sufficient description of any claim for relief. He alleges that the California Supreme Court violates due process, equal protection and meaningful access to the courts, *see* Docket # 8 at 11, but fails to provide any coherent statement as to how it does so. The surrounding argument suggests that he is attempting to complain about the reversal rate in the California courts. That is, the

amended complaint urges that former Governor Deukmejian caused Rose Bird and three other justices to be removed in 1987 and replaced with different judges over the next several years, and that the affirmance rate in death penalty cases has increased dramatically. *See* Docket # 8 at 7-11. Even with liberal construction, these allegations do not state a claim for a violation of plaintiff's rights to due process, equal protection, or access to the courts. Plaintiff's allegations that the handling of the death penalty shows that the State of California "reestablishes enslavement" prohibited by the Thirteenth Amendment and that the "California Supreme Court is at war with the U.S. Constitution . . . which is an act of treason," Docket # 8 at 11 (random capitalization omitted), are frivolous. Plaintiff repeatedly mentions a law review article, but a law review article does not create any right secured by the Constitution or laws of the United States, the violation of which is a necessary element of a § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" by a person acting under color of state law).

Further leave to amend will not be granted because the court already has explained to plaintiff the specific deficiencies in his pleading and he has been unable or unwilling to correct them.

B.   <u>Alternatively, Abstention is Required</u>

As discussed in the preceding section, the court does not understand most of the request for relief section in the amended complaint and cannot grant the requests for relief that it does understand (i.e., referral to the Attorney General and automatic reversal). Even if plaintiff did ask this court for declaratory relief or an injunction against the California Supreme Court to get that court to decide his case immediately, abstention would be appropriate.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka*

*v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971).

*Younger* requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka*, 23 F.3d at 223. Here, all three prongs of the abstention test are met. First, the appeal and state habeas proceedings are ongoing in the California Supreme Court. Second, the appeal unquestionably involves important state interests. *See Massie v. Sumner*, 624 F.2d 72 (9th Cir. 1980) (acknowledging California's interest in ensuring the fairness of its capital convictions through the automatic appeal process); *see also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44–45)). Third, plaintiff can present his appellate delay claim to the California Supreme Court when it considers his appeal and/or his state habeas petition – California courts have considered appellate delay claims on their merits. *See, e.g., People v. Holt*, 15 Cal. 4th 619, 708–09 (Cal. 1997) (addressing claim that three-year delay in appointment of counsel for automatic appeal violated due process); *People v. Horton*, 11 Cal.4th 1068, 1141 (Cal. 1995) (addressing claim that eight-year delay in certification of record on appeal violated due process).

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal

5

claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, plaintiff does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with California's appellate process. *Younger* abstention is warranted. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds Younger abstention appropriate, the court may not retain jurisdiction and should dismiss the action). The action must be dismissed.

## CONCLUSION

This action is dismissed because the amended complaint fails to state a claim against any particular defendant and fails to comply with the court's order to correct the deficiencies that existed in the complaint. In the alternative, this action is dismissed because *Younger* abstention is warranted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 26, 2013

_____
SUSAN ILLSTON
United States District Judge